**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Marian Ashworth, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 4437 |
| Weinerman & Associates, a Minnesota limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Marian Ashworth, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Marian Ashworth ("Ashworth"), is a citizen of the State of Iowa, from whom Defendant attempted to collect a delinquent consumer debt, including a debt owed for a Wells Fargo credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Weinerman & Associates, LLC ("Weinerman"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Weinerman was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Ashworth.

5. Defendant Weinerman is licensed to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, a copy of which is attached as Exhibit A.

**FACTUAL ALLEGATIONS**

6. Ms. Ashworth is a senior citizen of limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt she owed for a Wells Fargo credit card. The Wells Fargo account became delinquent, and eventually, Defendant Weinerman began collection actions relative to that debt. Accordingly, Ms. Ashworth sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their income is protected from collection.

7. On June 11, 2009, Ms. Ashworth's attorney at LASPD advised Defendant Weinerman, in a letter, that Ms. Ashworth was represented by counsel as to this debt, that Weinerman should cease contacting Ms. Ashworth, and that Weinerman should cease all further collection attempts, because Ms. Ashworth was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit B.

8. Nonetheless, despite being advised that Ms. Ashworth was represented by an attorney, Defendant Weinerman continued to contact Ms. Ashworth through nearly daily telephone calls to her home.

9. Accordingly, on June 29, 2009, Ms. Ashworth's LASPD attorney had to send Defendant Weinerman yet another letter, directing it to cease communicating directly with Ms. Ashworth. Copies of this letter and fax confirmation are attached as Exhibit C.

10. All of the collection actions at issue occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

14. Defendant knew that Ms. Ashworth was represented by counsel in connection with this debt because her LASPD attorneys had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease all collection activities and to cease directly communicating with Ms. Ashworth. By directly

calling Ms. Ashworth on a daily basis, despite being advised that Ms. Ashworth was represented by counsel, Defendant Weinerman violated § 1692c(a)(2) of the FDCPA.

15.     Defendant Weinerman's violations of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.     Here, Ms. Ashworth's LASPD attorney told Defendant Weinerman, in writing, to cease all collection activities, to cease communications, and that she refused to pay the debt (Exhibit C).  By continuing to communicate with Ms. Ashworth and demanding payment of the debt, Defendant Weinerman violated § 1692c(c) of the FDCPA.

19.     Defendant Weinerman's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Marian Ashworth, prays that this Court:

1. Declare that Defendant Weinerman's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Ashworth, and against Defendant Weinerman, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marian Ashworth, demands trial by jury.

Marian Ashworth,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: July 23, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com